■ In the Matter of the Estate of GEORGE L. JACKSON, Deceased. ALICE B. JACKSON, as Executrix of HAROLD L. JACKSON, Deceased Trustee, Appellant; BESSIE C. JACKSON et al., Respondents. (And Another Proceeding.) — In consolidated compulsory and voluntary proceedings with respect to an account on behalf of the deceased trustee of a trust under the will of the testator herein, the executrix of the estate of the trustee appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Orange County, dated May 31, 1967, settling such account, as failed to allow commissions to the estate of the trustee and limited to $500 an award of counsel fees to said executrix' attorneys for services in connection with the trust. Decree modified, on the law and the facts, by adding thereto a provision that an allowance shall be made in lieu of trustee's commissions on principal during the trustee's lifetime, that commissions on income received by the trustee during the year in which he died shall be allowed, and that any directions in the decree contrary to the granting of such allowances are amended accordingly. As so modified, decree affirmed, without costs. The proceedings are remitted to the Surrogate's Court, Orange County, to determine the amounts of such allowances and for such proceedings as are not inconsistent herewith. In our opinion, under the facts of this case, the deceased trustee did not waive his right to trustee's commissions on principal during his lifetime and, there-

fore, an allowance in lieu of trustee's principal commissions should be made to his executrix. The estate of the deceased trustee should also receive commissions on income received by the deceased trustee during the year in which he died. As to prior years, income commissions were not retained and all the income for those years has been disbursed; hence, as to those years income commissions cannot be paid (Surrogate's Ct. Act, § 285-a, subd. 4 [now SCPA 2308, subd. 4]). The award for counsel fees in the sum of $500, made to the executrix of the trustee for preparation of the account, etc., was reasonable in the light of the circumstances that the trust was relatively small. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.